IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

ROQUE "ROCKY" DE LA FUENTE,      }
                                  }
                                  }
                                  }
            PLAINTIFF,             }
                                  }         CASE NO.:
v.                                }
                                  }
DEMOCRATIC PARTY OF TENNESSEE;    }
and TRE HARGETT, SECRETARY OF STATE }
OF TENNESSEE,                     }
                                  }
            DEFENDANT(S).          }
_____}

**PLAINTIFF'S COMPLAINT**
**FOR DECLARATORY AND INJUNCTIVE RELIEF**

Plaintiff hereby brings this action for declaratory and injunctive relief and allege as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction of the subject matter of this action pursuant to Article II, §1; Article VI, and the First, Fifth, and Fourteenth Amendments of the U.S. Constitution; 28 U.S.C. §1331, 1343, 1361 and 2201 to 2202; and 42 U.S.C. §1983.
2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the real and immediate harm faced by the Plaintiffs is threatened in this judicial district and at least one Defendant maintains its headquarters in this district.

**THE PARTIES**

3. Plaintiff, Roque "Rocky" De La Fuente is a Hispanic registered Democratic voter and is registered with the Federal Election Commission as a presidential candidate of the Democratic Party as of October 1, 2015. Plaintiff is a well-known business owner, and a resident of San Diego, California who meets the qualification prescribed in Article 2, Section 1 of the United States Constitution for election to the office he

seeks in that he is a natural-born citizen of the United States, has attained the age of 35, and has been a resident within the United States for 40 years.

4. Defendant, Tennessee Democratic Party, is one of the two major political parties in Tennessee and is the official representative entity of the Democratic National Committee in Tennessee, and is responsible for, among other things, promulgating delegate selection rules for Tennessee for the 2016 Democratic National Convention.

5. Defendant, Tre Hargett, Tennessee Secretary of State, ("Hargett") is the agent of the State of Tennessee responsible for administering elections in the State of Tennessee.

## FACTS

6. On October 1, 2015, Plaintiff, filed a statement of intent to seek the Democratic Party's nomination for President of the United States with the Federal Election Commission (hereinafter the FEC). Plaintiff immediately began organizing a nationwide campaign, hiring employees and accepting volunteers to work on his campaign as well as filing the required documents with each state's Democratic Party. Plaintiff gained nationwide recognition as a presidential candidate within less than two months after the announcement of his candidacy.

7. Within one month of filing with the FEC, Plaintiff was qualified to appear on the Democratic Party Presidential Preference Primary Ballots of Alabama, Arkansas and New Hampshire.

8. On or about November 23, 2015, Plaintiff sent a letter to Defendant Hargett in which he formally requested to be placed on the Presidential Primary Ballot for the Democratic Party. In this request he outlined the current state of his campaign, provided a list of news media sources that had covered his campaign, and listed the future steps he was planning to take to run a nation-wide campaign. (Exhibit A)

9. On December 17, 2015, Defendant Hargett issued a memorandum certifying Presidential candidates to the Presidential Preference Primary Ballot. The memorandum only included Hillary Clinton, Martin J. O'Malley, and Bernie Sanders as candidates for the Democratic Party. (Exhibit B).

10. As of the date of this filing Plaintiff has been accepted into the Presidential Primary Ballot in twenty-four states and one territory (Alabama, Alaska, Arizona, Arkansas, Colorado, Democrats Abroad, Hawaii, Idaho, Iowa, Kansas, Louisiana, Massachusetts, Michigan, Minnesota, Mississippi, Missouri, Nebraska, New

Hampshire, North Carolina, Ohio, Oklahoma, Texas, Utah, Vermont, and West Virginia). Plaintiff's campaign continues to seek out voters and is confident that he will be accepted into the remaining states by early May, the final filing deadline.

## STATE ACTION

11. There are two methods by which a presidential candidate can gain access to the Democratic preference primary ballot in the state of Tennessee. One method is to be named by the Secretary of State, recognized as candidate in national news media throughout the United States. This year the deadline for the Secretary of State to submit the names to the state election commission was December 1, 2015. (2016 Delegate Selection Plan). Further it is specified that, "The Secretary of State has sole discretion to include only those candidates that he/she determines are generally advocated or recognized as candidates in the national news media."

12. As such, the Tennessee Secretary of State acts "in matters of high public interest, matters intimately connected with the capacity of government to exercise its functions unbrokenly and smoothly" in restricting primary ballot access to presidential candidates. Nixon v. Condon, 286 U.S. 73, 89, 52 S. Ct. 484, 487 (1932). Indeed, Defendant Hargett may declare who is fit to run, and who is fit to govern, which constitutes "state action" within the meaning of the Fourteenth Amendment.

## FIRST CAUSE OF ACTION
### Declaratory Relief - 42 U.S.C. § 1983 – Violation of the Due Process Clause – Void for Vagueness

13. Plaintiff repeats, re-alleges, and incorporates by reference each and every allegation contained in paragraphs 1 through 12.

14. In order to prevail on a §1983 claim Plaintiffs must show that: (1) the conduct complained of was committed by a person acting under the color of state law: and (2) the conduct deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States. *Parratt v. Taylor,* 451 U.S. 527, 535, 101 S.Ct. 1908, 1912, 68 L.Ed.2d 420 (1981).

15. In the present case, Defendant Hargett, acting pursuant to state law, is committing acts in violation of the 14th Amendment to the United States Constitution by arbitrarily determining which candidates seeking the Presidential nomination of their political party will have access to the Presidential Preference Primary Ballot.

16. The Tennessee Code does not provide a person of ordinary intelligence fair notice of what standards the Secretary of State requires in order to be considered a nationally recognized candidate:
    a. (a) On the date established in § 2-5-205(a)(2), the secretary of state shall notify all nationally recognized candidates for president that their names are to be placed on the Tennessee presidential preference primary ballot. Such notice shall also be given at the same time to all of the statewide political parties. (Section 2-13-304)

17. The Tennessee Democratic Party's Delegate Selection Plan and the Tennessee Code both fail to explain or define "nationally recognized candidates" or even specify by whom a candidate must be "generally recognized." Further, Plaintiff must necessarily guess at the meaning of the statute, and make important decisions based on such unavoidable guesswork. For example, if Plaintiff was not eligible to be placed on the ballot pursuant to the statute (which eventually occurred), his only other alternative was to gather 2,500 signatures by petition. However, there was no ascertainable standard by which he could determine whether or not he complied. Therefore, when Plaintiff was informed that he was not chosen as "nationally recognized" by Defendant Hargett, it was too late for him to take any alternative action.

18. The lack of standards renders section 2-13-304 vague and permits Defendant Hargett to discriminate against any qualified candidates on any ground, while acting under the guise of statutory mandate. As such, this statute allows for entirely arbitrary enforcement of the statute by Secretary of State's approval of the list of candidates permitting the Secretary of State to discriminate against individuals for any ground whatsoever.

19. Furthermore, the decision of Defendant Hargett not to place Plaintiff on the presidential primary ballot acts as a de facto deprivation of access to the General Presidential election process because 47 states have enacted what are known as "Sore Loser Laws." These laws prevent a losing candidate in a primary election from subsequently filing to run as a listed candidate in the general election as the nominee of another party or as an independent candidate. As Plaintiff has already been accepted on the ballot in twenty-five states and territories, he can no longer run an effective Independent candidate campaign. Therefore, by denying Plaintiff access to the presidential primary, Defendant Hargett has effectively precluded any resident of Tennessee from voting for him altogether.

20. Defendant Hargett has a non-discretionary duty to prepare and approve a list of all recognized Democratic presidential Candidates, not just the ones he favors or chooses; the process he employed is so vague and ambiguous that it deprives Plaintiff of due process.

## SECOND CAUSE OF ACTION
### Violation of the Due Process Clause – De Facto Discrimination

21. Plaintiff realleges paragraphs 1 through 20, as set forth herein.

22. As referenced above, the candidates which have been included on the Democratic Presidential Preference Primary ballot in Tennessee are all Caucasian: Hillary Clinton, Bernie Sanders, and Martin O'Malley.

23. Defendant Hargett is subject to 42 U.S.C. § 2000d et seq., also known as Title VI of the Civil Rights Act of 1964 (hereinafter "The Act"), in that he is the agent of the State of Tennessee responsible for determining which candidates are placed on the Presidential Preference Primary Ballot in the State of Tennessee.

24. As set forth above, the Defendant's refusal to include the Plaintiff's name on the list of approved candidates to appear on the Tennessee Presidential Preference Primary Ballot on March 1, 2016 has resulted in de facto discrimination against the Plaintiff based on national origin. Further, by excluding Plaintiff from the Democratic Party Ballot Defendant Hargett's actions have resulted in de facto discrimination against all voters in Tennessee who wish to vote for a Hispanic candidate.

25. Because the decision of the Defendant to refuse to include the Plaintiff, De La Fuente's name on the list of approved candidates to appear on the Tennessee Presidential Preference Primary Ballot on March 1, 2016, violates the rights of the Plaintiff as set forth above, the Defendant should be required to include the name of the Plaintiff on the list of approved candidates to appear on the Tennessee Presidential Preference Primary Ballot on March 1, 2016.

26. **WHEREFORE**, the Plaintiff requests that the Court enter judgment:

    (a) Declaring that T.C.A. Section 2-13-304 is unconstitutionally vague on its face for failure to provide any standards with which Defendant Hargett must follow in order to determine who is a nationally recognized candidate.
    (b) Declaring that Defendant Tre Hargett be directed to include the name of Plaintiff on the March 1, 2016 Presidential Preference Primary Ballot;
    (c) For any and all other injunctive relief, preliminarily and permanently, as is appropriate to remedy violations of Plaintiff's rights.
    (d) Granting Plaintiff such other and further relief as to which he may be entitled and which the Court may deem equitable and just.

order to determine who is a nationally recognized candidate.

(b) Declaring that Defendant Tre Hargett be directed to include the name of Plaintiff on the March 1, 2016 Presidential Preference Primary Ballot;

(c) For any and all other injunctive relief, preliminarily and permanently, as is appropriate to remedy violations of Plaintiff's rights.

(d) Granting Plaintiff such other and further relief as to which he may be entitled and which the Court may deem equitable and just.

**I declare under penalty of perjury that to my knowledge the foregoing is true and correct.**

Signed this __2__ day of __FEBUARY__, 2016.

By: _____

Roque "Rocky" De La Fuente
5440 Morehouse Drive
Suite 45
San Diego, CA 92121
Telephone:    (858) 353-5252
Facsimile:    (858) 623-9009
roque@rocky2016.com

10

Case 3:16-cv-00189   Document 1   Filed 02/05/16   Page 6 of 6 PageID #: 6